UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT THAIN OLSEN,<br><br>Defendant. | Case No. 4:16-cr-00208-BLW-1<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Robert Olsen's motion for early termination of supervised release (Dkt. 221). For the reasons described below the court will grant the motion.

### BACKGROUND

In 2017, Mr. Olsen pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(10(A), and 846. *Plea Agreement*, Dkt. 93. Mr. Olsen was sentenced to serve 60 months incarceration followed by five years' supervised release. *Judgment*, Dkt. 129. On June 24, 2020, Mr. Olsen was released from prison and started serving his term of supervised release. *Motion*, Dkt. 221. He has now served over three years of this term and seeks early

MEMORANDUM DECISION AND ORDER - 1

termination of supervision. The government opposes the motion.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after the defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

MEMORANDUM DECISION AND ORDER - 2

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## ANALYSIS

After analyzing the relevant § 3553(a) factors, the Court finds that early termination of supervision is warranted by Mr. Olsen's conduct and the interests of justice. Though Mr. Olsen's brief is somewhat sparse, it sufficiently outlines his arguments in favor of termination. The government has similarly identified only a limited set of considerations against termination of supervised release.

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

**MEMORANDUM DECISION AND ORDER - 3**

Mr. Olsen has served over three years of his five-year term of supervised release without violating the terms of his supervision. He has complied with all of the terms of release. He started working shortly after his release from incarceration in June 2020 and has maintained that job since his release. Mr. Olsen has built and maintained relationships within his community and family. He is engaged to be married. He has five grandchildren, who he tries to spend as much time with as possible, while also helping his parents on their farm whenever he can after work.

The government highlights that Mr. Olsen's criminal history and the instant offense weigh against early termination of supervised release. *Response* at 3, Dkt. 223. Indeed, Mr. Olsen pled guilty to a serious offense. He has, however, taken responsibility for his conduct and has not reverted to such behavior during the three years since his release. This is true of his criminal history as well. The offenses identified by the government are over ten years old and do not outweigh Mr. Olsen's success upon release.

For these reasons, the Court does not believe that continued supervision is necessary to protect the public, deter future crimes, or provide Mr. Olsen with additional treatment. The Court therefore finds early termination "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

**MEMORANDUM DECISION AND ORDER - 4**

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of Supervised Release (Dkt. 221) is **GRANTED**. Mr. Olsen's term of supervised release is hereby terminated.

DATED: November 3, 2023

_____
B. Lynn Winmill
U.S. District Court Judge